```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

GATE PRECAST COMPANY              :    NO. 1:09-CV-00113
                                  :
        Plaintiff,                :
                                  :
    v.                            :    **OPINION AND ORDER**
                                  :
KENWOOD TOWNE PLACE, LLC,         :
et al.,                           :
                                  :
        Defendants.               :
                                  :

This matter is before the Court on Defendants' Motion to Dismiss (doc. 15), Plaintiff's Memorandum in Opposition (doc. 17), and Defendants' Response (doc. 20). For the reasons indicated herein, the Court DENIES Defendants' motion.

**I. Background**

The facts of this case, as alleged in the Complaint, are as follows. Defendant Kenwood Towne Place, LLC ("Kenwood") is, or was developing Kenwood Towne Place, a mixed-use development, and hired its related entity, Defendant Bear Creek Construction ("Bear Creek"), to serve as general contractor (Id.). Plaintiff Gate Precast Company ("Gate") entered into a contract with Defendant Bear Creek, agreeing to manufacture, deliver, and install 334 precast concrete panels forming portions of the facade for one or more buildings at Kenwood Towne Place for total cost of $1,197,400.00 (doc. 1). The reasonable value of the contract, including agreed adjustments, ultimately amounted to $1,315,443.00

(Id.).

Gate alleges that all the work it performed had a direct benefit to Defendant Kenwood (Id.). Plaintiff contends Bear Creek and Defendant Kenwood are owned or controlled, at least in part, by the same people (Id.). Specifically, Plaintiff alleges that Matthew C. Daniels is or was an officer or manager in both companies (Id.).

According to Plaintiff, Bear Creek Construction and Kenwood agreed to pay for work timely performed and materials manufactured and stored at Gate's facility in Winchester, Kentucky (Id.). Plaintiff alleges it delivered and installed 198 of the panels, but that work stopped on the project such that it could not continue to deliver and install the remaining panels, all of which it had manufactured (Id.). Finally, Gate alleges Defendants Kenwood and Bear Creek failed to make payment for the work Gate timely performed to the benefit of Defendants (Id.).

On February 13, 2009, Plaintiff filed its two-count Complaint bringing claims for 1) unjust enrichment against Kenwood, and 2) breach of contract against Bear Creek (Id.). Plaintiff alleges as a result of Defendants' nonpayment, it has suffered damages in an amount not less than $370,743.40, plus other direct and consequential damages of $2082.63, plus interests, costs and attorney fees (Id.).

On May 6, 2009, Defendants filed their instant Joint

Motion to Dismiss or Stay the Proceedings During Mediation (doc. 15). Defendants argue that Plaintiff's subcontract with Bear Creek mandates the parties participate in mediation conducted by an impartial mediator as a condition precedent to filing a civil suit (Id.). Because the parties have not yet mediated the dispute, Defendants argue the Court should dismiss the Complaint or stay the proceedings (Id.). Plaintiff filed its response in opposition (doc. 17), and Defendants' their Reply (doc. 20) such that this matter is ripe for the Court's consideration.

**II. The Applicable Standard**

Defendants bring their motion pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6). The Court sees nothing in any of the briefing attacking or defending the merits of Plaintiff's claims under 12(b)(6). Rather, Defendants appear to be bringing solely a 12(b)(1) challenge.

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction attacks a cause of action in one of two ways: facially or factually. Fed. R. Civ. P. 12(b)(1); United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the complaint itself. On such an attack, the court must take all material allegations in the complaint as true and construe them in a light most favorable to the non-moving party. Ritchie, 15 F.3d at 598 (citing Scheuer v. Rhodes, 416 U.S. 232, 235-37, (1974)). In contrast, a factual

attack challenges the factual existence of subject matter jurisdiction. The court reviewing such a motion need not presume that the factual allegations set forth in the complaint are true. Id. Instead, the court may weigh any evidence properly before it. See Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 918 (6th Cir. 1986). In the instant matter, the Court understands Defendants' challenge to be rooted in the question of the factual existence of subject matter jurisdiction, in that Defendants do not appear to be attacking the merits of Plaintiff's Complaint. Rather, Defendants are attacking the Complaint as premature for failure to exhaust an alleged contractual mediation requirement. As such, the Court may properly consider the contract between Bear Creek and Kenwood, "Agreement for Construction Managment Services" ("CM agreement"), attached to Defendants' motion, which provided that Bear Creek would complete construction by entering into subcontracts with trade contractors.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). As noted above, the

Court sees no Rule 12(b)(6) question at issue in the matter presently before the Court.

**III. The Parties' Arguments**

Defendants contend that because their Agreement for Construction Managment Services ("CM agreement") contained a provision requiring mediation as a precurser to litigation, Plaintiff is obliged to follow such agreed-upon term (doc. 15). Defendants' cite two provisions as controlling (Id.). First, the provision from the CM agreement states:

> Dispute Resolution
>
> 13.1 Mediation. The parties are fully committed to working with each other throughout the Project and agree to communicate regularly with each other at all times so as to avoid or minimize disputes or disagreements. If disputes or disagreements do arise, the Owner and the Construction Manager agree to resolve such disputes or disagreements in an amicable, professional, and expeditious manner so as to avoid unnecessary losses, delays, and disruptions to the Work. If a claim, dispute or controversy cannot be resolved on terms satisfactory to both parties, the parties shall, prior to commencing any legal or equitable action, submit the claim, dispute or controversy to non-binding mediation. The mediation shall be conducted by a mutually agreeable impartial mediator, or if the parties cannot so agree, a mediator designated by the American Arbitration Association ("AAA") pursuant to the Construction Industry Mediation Rules. The mediation will be conducted pursuant to a mediation agreement negotiated by the parties or, if the parties cannot so agree, by procedures established by the mediator. . . .

(Id.)

The provision from the subcontract between Plaintiff and Defendant BCC states:

> The Subcontractor agrees that it is bound and obligated to the

> Contractor by the terms of this Agreement and all papers, documents, etc. made a part hereof by reference, and that said Subcontractor assumes toward the Contractor all obligations, liabilities and responsibilities that said Contractor by those documents assumes towards the Owner.

(Id.)

Through these two clauses Defendants contend that Plaintiff is required to complete mediation before filing a suit, which Defendants contend Plaintiff has not done (Id.). Defendants further argue where a contract requires parties to participate in mediation before filing suit, a plaintiff that does not mediate prior to suing fails to fulfill a condition precedent to filing a legal claim (Id. citing Bill Call Ford, Inc. v. Ford Motor Co., 830 F. Supp. 1045, 1053 (N.D. Ohio 1993)(granting summary judgment where plaintiff failed to comply with contract requirement to mediate prior to filing suit)). Defendants contend it is therefore appropriate in this matter for the Court to dismiss Plaintiff's claim.

In the alternative, Defendants argue the Court should stay this matter until the parties have completed mediation. Defendants argue that under Ohio law, it is reversible error for a trial court to fail to stay proceedings if one party files suit without first complying with its alternative dispute resolution obligation. (Id. citing Acme Arsena Co., Inc. v. J. Holden Co., Ltd., 2008 Ohio 6501, 2008 Ohio App. LEXIS 5415 (Ohio Ct. App. December 11, 2008)(trial court found to have erred in failing to

stay proceedings pending mediation and arbitration)). Defendants argue that while the CM agreement does not specifically require arbitration, mandatory mediation clauses like the one contained in the CM agreement are enforceable under the Federal Arbitration Act ("FAA"). (Id. citing Fisher v. GE Med Sys., 276 F. Supp 2d 891, 893-94 (M.D. Tenn. 2003)("an agreement to mediate any claim is binding under the FAA"). Defendants argue that the FAA states, "[i]f any suit or proceeding is brought in any of the courts" without abiding a dispute clause, the court "shall on the application of one of the parties stay the trial of the action" until the dispute resolutions procedure is completed (Id. citing 9 U.S.C. §3 (2009)).

In response to Defendants Motion to Dismiss, Plaintiff contends that no contractual obligation to mediate with Defendant, Kenwood Towne Place, LLC exists (doc. 17). Plaintiff argues that assuming for the sake of argument the "flowdown clause" of Article 3 of the subcontract applied to the mediation clause, Plaintiff would assume liability to the Contractor, Bear Creek Construction, LLC, not towards the owner, Kenwood Towne Place, LLC (Id.). As such, Plaintiff contends Defendants' motion should be denied as to Defendant Kenwood (Id.).

Plaintiff next argues that Defendants' Motion is not a jurisdictional motion and cannot be dismissed for lack of subject matter jurisdiction because there is no lack of jurisdiction when

7

a debtor alleges simple failure to fulfill a contractual obligation such as mediation (Id.). Plaintiff argues that while Defendant cites to cases holding that mediation falls within the FAA's definition of arbitration other courts have disagreed and the Sixth Circuit has never ruled on the issue (Id. citing Harrison v. Nissan Motor Corp., 111 F.3d 343, 350 (3d Cir. 1997); McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co., 858 F.2d 825, 830 (2d Cir. 1988). Plaintiff argues these circuits make the distinction between arbitration and mediation in that arbitration is a binding resolution declaring the rights and duties of the parties (Id.). Moreover, Plaintiff notes that the addition of a mandatory enforcement provision to the Uniform Mediation Act was considered and rejected as unecessary (Id. citing Uniform Mediation Act §5(i)-(iii) (Annual Meeting Draft, Jul. 23-30, 1999) available at http://www.law.upenn.edu/bll/ulc/ mediat/medam99.htm).

Finally Plaintiff argues that mediation is excused by Defendant Bear Creek's non-performance (Id.). Plaintiff further argues that if a defendant fails to perform an essential or "material" element of a contract, not only can it be liable for damages, but it also excuses the plaintiff from further performance (Id. citing Rhodes v. Rhodes Indus., Inc., 71 Ohio App.3d 797, 807-08, 595 N.E.2d 441, 447-48 (1991)). Plaintiff also argues that a material breach by the Defendant entitles a Plaintiff to stop performing, and nonpayment by Bear Creek in this case excuses

8

Plaintiff's performance (Id.). For all of these above reasons, Plaintiff urges the Court to deny Defendants' motion (Id.).

In reply, Defendants reiterate their position that Plaintiff was required to mediate before filing suit (doc. 20). Defendants argue Kenwood is able to enforce the mediation clause because the language of the subcontract permits the requirement, as in addition to the "flowdown clause," Article 1 of the subcontract incorporates the entire CM agreement (Id.). Defendants also signal that Article 20 of the subcontract states the subcontractor is unable to make any claims of the general contractor that the contractor cannot make of the owner (Id.). Here, argue Defendants, Defendant Bear Creek cannot sue owner Defendant Kenwood without first mediating, and therefore neither can Plaintiff (Id.). Defendants further argue that Kenwood is an Intended-Third Party Beneficiary to the subcontract and is therefore entitled to mediation, as a third party need not be named in the contract but only contemplated by the parties (Id. citing Chitlik v. Allstate Ins. Co., 34 Ohio App.2d 193, 196, 299 N.E.2d 295 (1973)).

Finally, Defendants conclude that mediation is necessary because Gate must elect the claim it will pursue as Ohio law states a plaintiff cannot pursue unjust enrichment under a qausi-contract when an express contract covers the same subject(Id. citing Aerel, S.R.L. v. PCC Airfoils, L.L.C., 371 F.Supp.2d 933, 943 (N.D. Ohio 2005), further citing Ullman v. May, 147 Ohio St. 468 (1947)). In

9

conclusion, Defendants argue that Bear Creek may enforce the mediation clause because with an alleged breach of contract an ADR clause is triggered, not excused, by such an alleged breach.

**IV. Analysis**

Having reviewed this matter, the Court finds Defendants' argument well taken that alternative dispute resolution is a favored practice, and that there are strong presumptions in favor of avenues other than lengthy litigation. The Court similarly finds Defendants' theory correct that the "flowdown" provision in the subcontract ensures that Plaintiff is required to mediate this matter before going to trial.

However, the Court finds Defendants' interpretation of the Federal Arbitration Act overreaching. The explicit terms of 9 U.S.C. § 3 refer to "arbitration" as opposed to the broader term "dispute resolutions procedure." Should any Act govern this question, it is rather the Uniform Mediation Act, which as Plaintiff notes, contains no mandatory enforcement provision. Mediation is not the same as arbitration, due to its non-binding nature. As such, the Court does not find dismissal of this matter appropriate for lack of mediation.

The Court agrees that ordinary contract principles, not the FAA, dictate whether mediation is a condition precedent to filing suit. Here, the contractual agreement is clear on its face, that Plaintiff is required to mediate.

The Court finds well-taken, however, Plaintiff's concerns that mediation could unnecessarily delay resolution of this matter. As such, in the interests of justice as between these parties, the Court finds it appropriate to maintain the current pretrial calendar, while ordering the completion of mediation with the District Court Mediator, Mr. Robert Kaiser, before the end of this calendar year. Discovery and other pretrial motion practice shall continue on schedule.

**V. Conclusion**

In conclusion, the Court finds that cognizable claims have been pleaded in the Complaint, which provide Defendants with fair notice of what Plaintiff's claims are and the grounds upon which such claims rest. See Conley, 355 U.S. at 47. Plaintiff has adequately alleged its claims against Defendants Kenwood Towne Place, LLC, and Bear Creek Construction, and the Court does not find dismissal for lack of subject matter jurisdiction appropriate or a stay on the proceedings necessary. Accordingly, the Court DENIES Defendants' Motion to Dismiss (doc. 15), and ORDERs the parties to contact the District Court Mediator, Robert Kaiser, at (513) 564-7330 to complete mediation before the end of 2009.

SO ORDERED.

Dated: October 27, 2009  /s/ S. Arthur Spiegel

S. Arthur Spiegel
United States Senior District Judge